IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALI KHOSHIMOV,

   Petitioner,

  v.

LEONARD ODDO,

   Respondents.

3:26-CV-00381-CCW

## <u>ORDER</u>

Before the Court is a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner, a citizen of Uzbekistan, is currently detained at Moshannon Valley Processing Center.  ECF No. 1 ¶ 4.  Petitioner lawfully entered the United States on or about August 27, 2022 on a student visa.  ECF No. 12 at 2.  Petitioner was terminated from his student program and subsequently overstayed his visa.  *Id*.  U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody following a traffic stop on February 12, 2026 and, on the same day, the Department of Homeland Security ("DHS") initiated removal proceedings against him.  *Id.*;  ECF No. 12-2 at 1 (notice to appear in removal proceedings dated February 12, 2026).

The thrust of the Petition is that Petitioner was wrongly classified as being subject to mandatory detention under § 1225(b)(2) rather than discretionary detention pursuant to 8 U.S.C. § 1226(a), and therefore that he had been denied "any bond hearing or individualized custody determination."  ECF No. 1 ¶ 20.  In their Response, Respondents aver that Petitioner is detained pursuant to § 1226(a), not § 1225(b)(2), and that he was scheduled for a bond hearing to occur on March 11, 2026.  ECF No. 12 at 2.  Consequently, Respondents assert that Petitioner's claims are moot because he has received the relief he seeks.  *Id.*  In his Reply filed on March 13, 2026, Petitioner acknowledges that he received a bond hearing before an immigration judge ("IJ") on

March 11, 2026, pursuant to 8 U.S.C. § 1226(a), but argues that the bond hearing was not constitutionally adequate. ECF No. 13 at 4–7. Petitioner does not address the issue of mootness in his Reply. *See generally* ECF No. 13.

Because the Petition seeks a bond hearing 8 U.S.C. § 1226(a) and Petitioner has been afforded a bond hearing under that provision, the Petition is therefore moot. *See Kingsly v. Doll*, No. 1:17-CV-02059, 2019 WL 3069689, at *3 (M.D. Pa. May 6, 2019), *report and recommendation adopted* at 2019 WL 3067253 (M.D. Pa. July 12, 2019) ("[S]ince [Petitioner] has been given the relief he requested—a bond hearing—his petition is now moot."). Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus, ECF No. 1, IS DISMISSED AS MOOT.

DATED this 24th day of March, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

2